THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 14, 2005



Honorable Pamela Pepper
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: the Bankruptcy of

Ronald REED and
Terry REED,

Debtors.

Case No. 05-45739

Chapter 13

**MEMORANDUM DECISION**

Debtors have filed a motion requesting a "waiver" of the requirement under the Bankruptcy Abuse Prevention and Consumer Protection Act that they obtain a credit briefing prior to filing their Chapter 13 petition. The Court hereby grants Debtors an exemption from the pre-filing credit briefing requirement, but notes that the exemption will be in effect only until November 30, 2005.

Debtors filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy

Abuse Prevention and Consumer Protection Act on October 31, 2005.  Most provisions of the Act, hereinafter referred to as "BAPCPA," went into effect on October 17, 2005.

Under section 109(h) of BAPCPA, an individual "may not be a debtor" unless that person receives a credit briefing from a nonprofit agency approved by the United States Trustee's Office.  The individual must obtain the briefing in the 180 days preceding the filing of the bankruptcy.  Thus, a prerequisite to filing bankruptcy under BAPCPA is that a debtor obtain the credit briefing, proof of which is a certificate from the briefing agency.

The statute contains an exception to this requirement.  Section 109(h)(3)(A) states that if an individual presents a certification to the court that (1) "describes exigent circumstances that merit a waiver of the requirements . . ., (2) "states that the debtor requested credit counseling services" from an approved agency but was unable to obtain those services during the five-day period after the debtor made the request, and (3) "is satisfactory to the court," then the requirements of paragraph (h)(1) "shall not apply."

This exception doesn't allow the debtor, however, to walk away entirely from the BAPCPA requirement of credit briefing.  Section 109(h)(1)(3)(B) states that the exemption from obtaining the credit briefing "shall cease to apply on the date on which the debtor" obtains the credit briefing, "but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition."

2

The court may extend the time for the debtor to obtain the credit briefing, "for cause," for an additional 15 days.

The effect of section 109(h), taken as a whole, is to require the following in order for an individual to be a "debtor":

1.) The individual must obtain the credit debriefing within 180 days prior to filing for bankruptcy.

2.) If the debtor files a certification describing exigent circumstances AND indicating that the debtor tried to get the briefing but couldn't within five days of asking, and if that certification is satisfactory to the court, the debtor may go ahead and file.

3.) Even if all of the conditions in #2 above are met, however, the debtor still has the obligation to receive the credit briefing. The debtor has 30 days from the date the petition is filed to get the briefing, and the court can extend that time period and additional 15 days for cause.

In short, a debtor must obtain a credit briefing within 45 days of filing the petition, or he/she does not qualify as a "debtor" under BAPCPA. Because, pursuant to section 301 of BAPCPA, only a "debtor" may file a voluntary case, a debtor is out of luck–his/her case must be dismissed–if the credit briefing isn't obtained within 45 days.

In the current case, Debtors filed their petition on October 31, 2005. On that same date, Debtors filed Debtors' Motion for Waiver of Requirement to Obtain

3

Budget & Credit Counseling Prior to Filing Based on Exigent Circumstances. In this motion, Debtors indicate that on October 26, 2005–five days before the filing of the bankruptcy petition–one of the debtors contacted a credit briefing agency. The agency told the debtor that the first available date for the briefing was November 14, 2005. The motion further states that "an exigent circumstances that merits a waiver of the requirement has arisen." There is nothing in the motion to indicate what this circumstance, or these circumstances, might be.

BAPCPA is new, and many attorneys and debtors are adjusting to the new requirements it imposes. One of those new requirements is that a debtor must allege an attempt to receive the credit briefing within a 5-day period *and* describe exigent circumstances. In this case, Debtors do no describe the exigent circumstances, and accordingly they have not complied with the requirements of section 109(h)(3)(A).

Nonetheless, in the interest of assuring that the requirements of BAPCPA are clear, the Court will grant the exemption in this instance and allow Debtors time to obtain the required briefing. Because the Debtors filed their petition on October 31, 2005, this exemption will remain in effect until **November 30, 2005**. If, for cause, Debtors need more time to obtain the briefing, they must move for an extension *in writing*, prior to November 30, 2005. The Court then will consider whether to grant an additional 15 days for Debtors to obtain the briefing. Debtors should take note, however, that BAPCPA does not allow courts to extend the

4

exemption beyond 45 days from the date of filing. If Debtors do not obtain the required briefing within 30 days–or within 45 days if an extension is requested and cause is shown–Debtors' case will be dismissed.

Accordingly, it is ORDERED that Debtors have an exemption from the pre-filing credit briefing requirement under section 109(h). This exemption will remain in effect until either Debtors obtain the required briefing or November 30, 2005, whichever comes first.

#####

5

Case 05-45739-pp    Doc 9    Filed 11/14/05    Page 5 of 5